Terence C. Dougherty, Pro Se Litigant
Lisbet Drivdahl Dougherty (Spouse), Pro Se Litigant
503 Righters Ferry Road
Bala Cynwyd, Pennsylvania 19004
(610) 668-0655

# IN THE UNITED STATES DISTRICT COURT
# FOR THE PENNSYLVANIA EASTERN DISTRICT COURT
# DISTRICT OF PHILADEPHIA

| | | |
|---|---|---|
| LSF8 Master Participation Trust by Caliber Home Loans, Inc., solely in its capacity as servicer,<br>PLAINTIFF,<br><br>v.<br><br>Terence C. Dougherty, Pro Se Litigant<br>Lisbet Drivdahl Dougherty, (Spouse)<br>Pro Se Litigant<br>DEFENDANTS | §§§§§§§§§§§ | Civil Action No.: 15 5005 |

Rec'd
FILED
SEP 9 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## **DEFENDANT'S AMENDED NOTICE OF REMOVAL**

Defendants' files this notice of removal under 28 U.S.C. §1446(a).

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

PENNSYLVANIA EASTERN DISTRICT COURT DISTRICT OF PHILADELPHIA:

### A. Introduction

The notice of removal of Plaintiff LSF8 Master Participation Trust by Caliber Home

Loans, Inc., solely in its capacity as servicer ("Plaintiff") respectively shows as follows:

1. Plaintiff is LSF8 Master Participation Trust by Caliber Home Loans, Inc., solely in its capacity as servicer. LSF8 Master Participation Trust and Caliber Home Loans, Inc. are foreign corporations from Oklahoma; Defendants are Terence C. Dougherty and his spouse Lisbet Drivdahl Dougherty ("Defendants"), who are Citizens of the Commonwealth of Pennsylvania. Defendants hereby invoke the In Law (common-law) jurisdiction of this Court. As Citizens, Terence C. Dougherty and Lisbet Drivdahl Dougherty do not consent, waive, acquiesce, or concede to the jurisdictions of admiralty, equity maritime or military jurisdictions.

2. On September 2, 2014, plaintiff filed suit suing Defendants for Compliant in Mortgage Foreclosure in the Court of Common Pleas Montgomery County, Pennsylvania, Civil Action Docket NO: 2014-24840. It was received in the Office of the Sheriff of Montgomery County at 9:46 AM on September 8, 2014. Defendants were served at their residence at 503 Righters Ferry Road, Bala Cynwyd, Montgomery County, Pennsylvania 19004 the same day. Article 1 annexed herein.

3. On September 25, 2014 Defendants filed their Answer to the Plaintiff's Compliant answering with Counter-Claims and Affirmative Defenses to Plaintiff's petition challenging subject matter jurisdiction. Defendants demand for trial by jury was unanswered by the presiding Judge. Article 2 annexed herein.

4. On October 14, 2014 Plaintiff's attorneys filed their Preliminary Objections to Defendants Counter-Claims and Affirmative Defenses. Article 3 annexed herein.

5. On January 5, 2015 an Order was issued by G. Weilheimer, J. Plaintiff Preliminary Objections sustained. Defendants Counter-Claims were dismissed without prejudice. Article 4 annexed herein.

6. On March 27, 2015 Defendants filed a Motion to Dismiss Plaintiff's Petition with memorandum of law. See 8 and Exhibits A, B, and C.

7. On April 1, 2015 a Rule to Show Cause was issued by the Montgomery County Court Administrator to the Plaintiff (Respondent) why the moving party is not entitled to the relief requested in there Motion to Dismiss. Article 5 annexed herein

8. On April 24, 2015 Defendants filed an (Amended) Motion to Dismiss with memorandum of law and prima facie evidence of an unlawful assignment and forgery. The claim is supported by a Securitization Audit Report and an Affidavit from Lynette Rhodes, Certified Fraud Examiner. Article 6 and Exhibits A, B. and C annexed herein.

9. On April 28, 2015 Plaintiff filed a Reply to Defendants Motion Dismiss. Article 7 annexed herein.

10. On May 1, 2015 Defendants sent both Plaintiff LSF8 Master Participation Trust and Caliber Home Loans, Inc., solely in its capacity as servicer a **Notice of Right to Rescind** under the Federal Truth and Lending Act – TILA Rescission and Claims per 15 U.S.C. § 1635 (b), Reg. Z §§ 226.15(a)(2), 226.23(a)(2) and Official Staff Commentary § 226.23(a)(2)-1). Plaintiff signed for said notice on **May 11, 2015**. U.S.P.S. proof of service. Article 8 and Exhibit H annexed herein.

11. On May 4, 2015 a Rule to Show Cause was issued by the Montgomery County Court Administrator to the Plaintiff (Respondent) why the moving party is not entitled to the relief requested in Defendant's (Amended) Motion to Dismiss. Article 9 annexed herein.

12. On May 7, 2015 Defendants filed a Notice of Unlawful Assignment, **MTG BK 13307 PG 02567 to 02569. Instrument #: 2012043421. Recorded Date: 05/03/2012** with Affidavit supported by prim facie evidence that the signatures of Melissa D Cleary, Assistant Secretary and Trevin Myers, Notary State of Florida are fraudulent. Article 10 and Exhibit D annexed herein.

13. On May 19, 2015 Plaintiff filed a Reply to Defendants Amended Motion to Dismiss with Memorandum of Law. Plaintiff addresses none of the prim facie evidence of fraud filed into the case. Article 11 annexed herein.

14. On May 26, 2015 an Order was issued by G. Weilheimer, J. that Defendants Amended Motion to Dismiss Plaintiff's Petition is Denied. Article 12 annexed herein.

15. On June 1, 2015 Defendants filed a Notice of Rescission with Affidavit and Defendants request to dismiss the Plaintiff's complaint. On June 1, 2015 Defendants recorded a Public Notice of Rescission in the Montgomery County Recorder of Deeds Office **MTG BK 13953 PG 02505 to 02518. Instrument #: 2015038603**. Article 13 and Exhibit G and H annexed herein.

16.     On August 7, 2015 Plaintiff files Reply's to Defendants Affirmative Defenses that were filed with Defendants Answer and Affirmative Defenses of September 25, 2014. Article 14 annexed here. .

17.     On August 10, 2015 Plaintiff files Motion for Summary Judgement requesting the Court enter judgement, *in rem*, not *in law* (common-law) favor of the Plaintiff. Article 15 annexed herein.

18.     On August 10, 2015 Caliber Home Loans, Inc. Lynnette Shahbazi, AVP, Customer Support and Escalations reply's by letter to Defendants Notice od Rescission of June 1, 2015. In the letter Ms Shahbazi references the Defendants claims of prima facie evidence of forgery on the Instrument # 2012043421 dated May 2, 2012. Going on to further say that an internal request had been initiated to investigate Defendants prima facie claims and that Defendants would be contacted by a member of Caliber's Fraud Investigation Unit once a determination has been made. As of this Removal, September 8, 2015, no member from Caliber's Fraud Investigation Unit has contacted the Defendants regarding their findings and determination. Article 16 annexed herein.

19.     Although this case was not removable when originally filed, it became removable on **August 7, 2015** pursuant to the Federal Truth In Lending Act – TILA Rescission and TILA Claims § 1635. Plaintiff is still pursuing Defendants to collect a debt and foreclose on Defendants said property at 503 Righters Ferry Road in Bala Cynwyd Pennsylvania. Under TILA Rescission and TILA Claims the Plaintiff waived all their defenses, unless the servicer or the bank files a lawsuit in Federal Court challenging the rescission <u>as a creditor</u> (because the note and mortgage no longer exist) WITHIN THE 20

DAY WINDOW measured from the date of notice and mailing, the creditor has no right or standing to challenge the rescission itself or whether it should be considered effective. The Plaintiff did not challenge the rescission within the 20 window measured from the date it was dropped in the mail. <u>See:</u> TILA Rescission and TILA Claims 15 U.S.C. §1635(b) Reg. Z §§ 226.15(a)(2), 226.23(a)(2) and Official Staff Commentary § 226.23(a)(2)-1).

B. Basis for Removal

1. Removal to the Federal Court is proper because:

   (A) Defendants aver it involves a federal question. TILA Rescission, TILA Claims and TILA Remedies - §1635(b). Defendants are seeking removal to the Federal Courts because Defendants as Americans, are guaranteed the Right to a **trial by jury,** pursuant to the Seventh Amendment of the National U.S. Constitution. Plaintiff's *in rem* action denies Defendants of their Rights of due process and their Constitutional Rights to bring forth their evidence. Denies Defendants their Rights to call and subpoena witnesses under oath with penalty of perjury at trial, including but not limited to, an officer for the Plaintiff, not their attorneys, who is a competent witness with first-hand knowledge of the facts, including evidence of the tangible instrument (original promissory note) and <u>ALL valid assignments and endorsements</u> pursuant to Article 9 of the Uniform Commercial Code. Thus, any court which fails to provide **trial by jury**, fails the test of due process, has no lawful jurisdiction to hear the matter in controversy, and any judgement rendered thereby is null and void, without lawful force and effect, whatsoever.

Pennsylvania is a judicial state and as such a Citizen of the state should be granted an in-law jurisdiction. **See:** *World Wide Volkswagon v. Woodsen*, 444 U.S. 286, 291; *National Bank v. Wiley*, 195 U.S. 257; *Pennoyer v. Neff*, 95 U.S. 714.

(B) TILA Rescission, TILA Remedies and TILA Claims addresses the current state of the mortgage industry in general, and sub-prime loans especially, to wit: banks misbehaving in material and important ways (as defined by statute and not in the minds of the courts or attorneys). Many of the originating lenders from the zenith of the financial and mortgage crisis never actually made the loans. The "pretender lender" loans were "table funded" and therefore "predatory per se" (REG Z), the question then becomes when did the three year statute of limitations begin to run. If the proper disclosures, i.e. who was the [r]eal or true lender, were intentionally withheld, then even the three day rescission could still be available because the loan deal never actually closed or was consummated because the disclosures were fraudulent. TILA Rescission and TILA Claims are **VERY** different from the rules governing common law rescission. The "Equitable Tolling" doctrine states that the statute starts to run, unless otherwise provided in the statute, when the claimant knew or should have known or must have known of the grounds for, in this case, TILA Rescission or TILA Claims. The equitable tolling principles are to read into every Federal Statute unless Congress expressly provides to the contrary in clear and unambiguous language, **SEE:** *Rotella v. Wood 528, 549, 560-61, 120 S. Ct. 1075, 145 L. Ed. 2d 1047(200)*. Many of

the originating lenders have gone out of business entirely and/or their portfolios have been purchased at fire sale prices. Many of the underlying original notes have been lost or misplaced and many foreclosures throughout the country are proceeding by Delaware shell trusts masquerdering as banks and servicers without the legal right that stems from the proper transfer of the debt, including the proper transfer of the original note. Consumer protection lawyers have been filing suit against those would take advantage of homeowners that are stressed and uniformed of the details and technicalities of the law by pursuing foreclosure without having possession of the original note, or by overcharging for costs of collection, or both. If you proceed to foreclose without proper proof of entitlement and standing, and the party for whom you are acting is not entitled to payment under the strict requirements of the United States Commercial Code, you are assisting in fraudulent activity in violation of federal and state collection laws. Since TILA does not evidence a contrary Congressional intent, it's statute of limitations must be read to be subject to "equitable tolling ", particularly since the Act is to be construed to protect the consumer.

5. All other Defendants who have been served with summons consent to the removal of this case to federal court.

6. All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a)(b).

7. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

8. Defendants will file promptly a copy of this notice of removal with the clerk of the state court where the action has been pending.

## C. Jury Demand

9. Defendants did demand a jury in the state court action in its Answer and Affirmative Defenses on September 25, 2014.

## D. Conclusion

10. In TILA Rescission and Claims when it comes to the Courts, it becomes a question of procedure vs substance. The unanimous decision by the United States Supreme Court in *Jesinowski v. Countrywide* was clear and unambiguous in the wording of the opinion. There is no requirement of a lawsuit – the rescission is effective upon notice and notice is effective when it is dropped in the mailbox. Effective **by operation of law**, same or equivalent to a court order. As pointed out by Justice Scalia, TILA Rescission makes no distinction between disputed and undisputed rescissions. So even a faulty rescission is nonetheless effective, which means that the creditor, has 20 days in which to satify the three duties under TILA Rescission. If nobody files a lawsuit to vacate the rescission within 20 days of receipt under TILA Rescission (under Dodd Frank notice to one is notice to all), then the rescission is final and any factual issues that you have expected to arrive on a faulty rescission would have been waved. This is a procedural argument, but it is correct nonetheless given the very clear opinion in *Jesinowski*. The issue is looking at substantive

law only without studying procedural law. The Defendants are not engaging in some kind of gambit to get a "free house." Conversely, the Defendants do not want the Plaintiff, who has no standing to walk off with a "free house." The Defendants Mortgage Audit (See Exhibit A) and Certified Fraud Examiner Affidavit (See Exhibit B) by Lynette Rhodes states clearly that there is currently no holder in due course (as defined by the U.S. Uniform Commercial Code) of the subject loan given the prima facie evidence of forgery and other serious and important issues that the Defendants have a right to have answers on. Defendants believe that the Plaintiff should not be entitled to be unjustly enriched.

Where the Plaintiff has completely failed to comply with TILA requirements in response to Defendants Notice of Rescission of the loan in question, failed to return the canceled note, failed in satisfaction of the mortgage in the county records, failed to return all money paid by the borrower starting with the origination of the loan and continuing up to the date of Rescission. Defendants respectively request this Honorable Federal Court for the Pennsylvania Eastern District to dismiss the Plaintiff's case, with prejudice and remove Plaintiff's lien(s) against Defendants property in question based on the Federal Truth and Lending Act §1635(b) – TILA Rescission and TILA Claims.

Date: September 9, 2015

_____

_____

Terence C. Dougherty, Pro Se Litigant
Lisbet Drivdahl Dougherty, Pro Se Litigant
503 Righters Ferry Road

n/a

Bala Cynwyd, Pennsylvania  19004
(610) 668-0655